UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00118-GCM

| ELIJAH E. PACHECO, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| SHELBY WYATT, et al., | ) | ORDER |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on the Plaintiff's pro se Addendum [Doc. 8], Motion for Discovery [Doc. 9], Motion for Default Judgment [Doc. 10], and Letter [Doc. 11]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

The pro se Plaintiff, who is a pretrial detainee at the Wilkes County Jail (WCJ),[1] filed the instant action pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred at WCJ. [Doc. 1 at 6]. The Plaintiff names as Defendants: Shelby Wyatt, a WCJ captain; Jonathan Call and FNU Anderson, lieutenants; FNU Hues/Hews, a sergeant; FNU Phillips, a corporal; and FNU Tilley, an officer. [Id. at 5]. He raises claims of lost property, failure to protect, and denial of access to the courts. [Id. at 4-6, 14-17]. He seeks compensatory, punitive, and nominal damages and injunctive relief. [Id. at 6, 18].

The Plaintiff subsequently filed an Addendum to the Complaint [Doc. 8] in which he purports to add as Defendants: FNU Whitley, a major; FNU McGrady and FNU Hill, corporals;

---

[1] The Plaintiff has been charged in Wilkes County Superior Court with first-degree burglary and felony breaking or entering a motor vehicle (Case No. 22CRS000508); and felony larceny after breaking/entering, misdemeanor injury to real property, misdemeanor carrying a concealed gun, and felony attempted first-degree burglary (Case No. 22CRS000509).

FNU York, a sergeant; and FNU Harold, FNU Hicks, FNU Plowman, and FNU Thomas, officers. He asserts claims of: "Pretrial Punishment/ Cruel & Unusual Punishment;" "Failure to Protect from Assault & Unconstitutionally Inadequate Med. Care;" "Gross Neglect for Hygiene;" "Excessive Use of Force Pretrial Punishment/ Cruel & Unusual Punishment & Denial of Due Process;" and "Inadequate Meal Preparation & Nutritional Deficiency" [Id. at 2-6].

The Plaintiff also filed a Motion for Discovery [Doc. 9], and a Motion for Default [Doc. 10] should the Defendants fail to produce the requested discovery. In a Letter [Doc. 1], he requests certified, notarized copies of his filings.

The Addendum, Motions, and Letter are all signed "ELIJAH E PACHECO, Agent/ Admin/ TTE/ Elijah, Esaias of the house of Pacheco" [See, e.g., Doc. 8 at 1]. The Plaintiff was previously informed in another action that this type of "sovereign citizen" litigation strategy will not be allowed. See Pacheco v. Wilkes Cnty. Courthouse, No. 5:22-cv-00190-MR, 2023 WL 2978963, at *2 (W.D.N.C. Apr. 17, 2023) (rejecting the Plaintiff's attempt to sue "as his own 'Estate, … Agent, Fiduciary, … Admin., … Executor, … Heir'" as "legally baseless and frivolous"); see also Fed. R. Civ. P. 11(a) (requiring that "Every pleading, written motion, and other paper must be signed… by a party personally if the party is unrepresented"). The Court will not direct the Plaintiff to correct the signature defect at this time, however, because the Addendum, Motions, and Letter are rejected for additional reasons. See generally Fed. R. Civ. P. 11(a) (" The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention").

The Addendum appears to be largely an attempt to amend the Complaint in a piecemeal fashion. This will not be allowed. Moreover, to the extent that the Plaintiff seeks to supplement the Complaint with new claims that are alleged to have occurred after the Complaint was filed,

2

such will not be allowed because of the high risk of confusion and inefficiency in this pro se case. See generally Fed. R. Civ. P. 15(d) (the court *may* permit a supplemental pleading setting out events that happened after the date of the pleading to be supplemented). Accordingly, the Addendum is dismissed. The Plaintiff may file a superseding Amended Complaint on a § 1983 form that clearly identifies the Defendants against whom he intends to proceed, and sets forth facts describing how each of the Defendants allegedly violated his rights. See generally Fed. R. Civ. P. 8(a). Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his prior filings. Piecemeal amendment will not be permitted. If the Plaintiff fails to amend in accordance with this Order, the Court will review the original Complaint for frivolity.

The Plaintiff's Motions seeking discovery and default are premature, as the Complaint has not yet been reviewed for frivolity. Accordingly, the answer is not yet due and discovery has not commenced.[2] See generally Fed. R. Civ. P. 12 (addressing the time to answer); LCvR 26.1 (as a general matter, court-enforceable discovery does not commence until issuance of the scheduling order). The Motions are, therefore, denied.

The Plaintiff's Letter requesting free copies, certification, and notarization is denied; he may request available services pursuant to the Court's standard rates.[3] See United States v. MacCollum, 426 U.S. 317, 321 (1976) ("expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress"); Pickens v. Lewis, 2017 WL 2198342, at *2 (W.D.N.C. May 18, 2017) (noting that 28 U.S.C.§ 1915 does not authorize the payment of

---

[2] The Plaintiff does not appear to suggest that early discovery is warranted. See generally Fed. R. Civ. P. 26.

[3] The Plaintiff is further cautioned that any requests directed to the Court must be filed in a "Motion." [See Doc. 3 at ¶ 5 (Order of Instructions: "Letters sent to the Clerk of Court or Judges will not be answered. Only Motions will be ruled on by the Court.")]. He is cautioned that, in future, improper requests will not receive a response.

litigation expenses, and "[o]rdinarily, the plaintiff must bear the costs of his litigation ... even in pro se cases"); see also https://www.ncwd.uscourts.gov/court-fees ($11 per page for certification of any document or paper; $.50 per page for photocopies).

For the foregoing reasons, the Addendum is dismissed and the Plaintiff's Motions and Letter are denied. The Court will allow Plaintiff thirty (30) days to file a superseding Amended Complaint. Should Plaintiff fail to timely amend in accordance with this Order, the Court will review the original Complaint for frivolity.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Addendum [Doc. 8] is **DISMISSED**.

2. The Plaintiff's Motion for Discovery [Doc. 9], Motion for Default [Doc. 10] and Letter [Doc. 11] are **DENIED**.

3. The Plaintiff shall have thirty (30) days in which to file a superseding Amended Complaint in accordance with the terms of this Order. If the Plaintiff fails to amend his Complaint in accordance with this Order, the Court will review the original Complaint for frivolity.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 Complaint form and a copy of this Order.

Signed: August 24, 2023

Graham C. Mullen
United States District Judge