UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-118-GCM

| ELIJAH E. PACHECO, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| FNU WHITLEY, et al., | ) ORDER |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion to Amend. [Doc. 37; see Doc. 39 (proposed Second Amended Complaint)]. Also pending are: the Plaintiff's pro se Motions to Subpoena [Docs. 45, 46, 48], "Motion for Independent of Property/ Area Under Possession/ Control of Defendants – i.e. Property of Wilkes Co Jail" [Doc. 47], "Motion to Joinder Issues" [Doc. 49], and Motion for Leave to Serve a Supplemental Pleading [Doc. 50]; and the Defendants' Motion for Leave to Depose Plaintiff [Doc. 51].

The pro se incarcerated Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred while he was a pretrial detainee at the Wilkes County Jail ("WCJ").[1] Before the Complaint was reviewed for frivolity, the Plaintiff attempted to amend in a piecemeal fashion which was denied because "[p]iecemeal amendment will not be permitted." [See Docs. 8, 12]. The Plaintiff was granted the opportunity to file a superseding Amended Complaint, which he did. [Docs. 12, 13]. The Amended Complaint passed initial review against Defendants Roger Hamby, a corporal; and Jacob Shumate and Cody White, WCJ

---

[1] The Plaintiff's address of record is with the North Carolina Department of Adult Corrections at the North Carolina Central Prison.

officers, on claims addressing the conditions of Plaintiff's confinement and the use of excessive force on September 1, 2023. [Doc. 18]. The remaining claims were dismissed without prejudice. [Id.]. The Plaintiff again attempted to amend the Complaint on a piecemeal basis, which was denied. [Docs. 27, 31]. On April 18, 2024, the Court entered a Pretrial Order and Case Management Plan that set the deadline to amend and add parties as June 6, 2024, the discovery cutoff date as August 15, 2024, and the dispositive motions deadline as September 16, 2024. [Doc. 34].

In his Motion to Amend and Join Parties [Doc. 37], the Plaintiff seeks to add parties, "affirm all statements and claims made within the original Amended Complaint," and "state other claims which arose as a result of the incidents … which took place on 9-1-23." [Id. at 1]. In the proposed Second Amended Complaint, the Plaintiff seeks to add several parties with regards to the September 1, 2023 use of excessive force and the allegedly inadequate care that he received over the next several weeks. [Doc. 39]. The Second Amended Complaint is yet another attempt to amend in a piecemeal fashion. Accordingly, the Motion to Amend and Join Parties is denied and the proposed Second Amended Complaint is stricken. [See Docs. 12, 31].

Similarly, in his "Motion for Leave to Serve a Supplemental Pleading," the Plaintiff seeks leave to serve a "Supplemental Pleading" on the Defendants and "additional parties," i.e., Captain Wyatt, Lieutenants Call and Anderson, Nurse Jane, Dr. John Doe, and Officers Jonathan Patrick and Ian Grant. [Doc. 50 at 1]. It appears that the Plaintiff seeks to add claims "that arose from the events underlying this lawsuit which took place that day, and afterwards, which supporting evidence could likely affect this trial, seeing the Defendants have objected to my previous motion to amend this complaint (which also served as a notice)." [Id.]. This, too, is denied as a piecemeal and unauthorized attempt to amend the Complaint. [See Docs. 12, 31].

2

In his Motions for Subpoena, the Plaintiff seeks the production of evidence from WCJ "administration" and medical staff [Docs. 45, 48], and he also seeks to pose questions to Corporal Hill and Nurse Jane [Doc. 46]. The Motions that seek the production of evidence are denied because it appears likely that he would be able to obtain this information through defense counsel, yet he has failed to certify that he attempted to resolve the matter with counsel before involving the Court. See LCvR 7.1; see generally [Doc. 3 (Order of Instructions)]. In the third Motion to Subpoena, the Plaintiff poses questions that he titles "Depositions" that are directed to Corporal Hill and Nurse Jane. [Doc. 46]. It appears that the Plaintiff is attempting to serve interrogatories on non-parties, which he may not do. See Fed. R. Civ. P. 45 (providing for discovery from non-parties in the form of depositions, the production of documents, electronically stored information, or tangible things in that person's possession, or the inspection of premises); see also Fed. R. Civ. P. 33 ("a party may serve on *any other party* no more than 25 written interrogatories….") (emphasis added). Accordingly, the Motions to Subpoena will be denied.

In his "Motion for Independent Inspection of Property/ Area Under Possession/ Control of Defendants – i.e. Property of Wilkes Co Jail," the Plaintiff seeks "independent inspection" of the areas and property in the WCJ that are associated with his claims, including the restraint chair he was held in. [Doc. 47]. He also asks to be transferred from the North Carolina Central Prison back to the WCJ. The Plaintiff's request to be transferred to WCJ so that he can inspect the WCJ and restraint chair will be denied because it is inadequately supported and, in any event, the Court declines to interfere in the Plaintiff's criminal custody and transfer decisions.

In his "Motion to Joinder Issues" [Doc. 49], the Plaintiff asks the Court to consolidate the instant action with another pending § 1983 case filed by the Plaintiff, Case No. 5:24-cv-41-RJC.

He contends that the two cases should be consolidated pursuant to Rule 42(a)(2) because "the alleged/reported harms, infringements and losses occurred within the same facility, within three (3) months of each other, and all claims within both actions are subject to litigation under the 14th Amendment of the U.S. Constitution for the denial of my due process as a pretrial detainee." [Id. at 1].

Rule 42(a)(2) provides that a court may consolidate actions if they involve a common question of law or fact. Consolidation is "permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties of another." Hall v. Hall, 584 U.S. 59, 70 (2018) (quoting Johnson v. Manhattan R. Co., 61 F.2d 934, 936 (2nd Cir. 1932)). District courts "enjoy substantial discretion in deciding whether and to what extent to consolidate cases." Id. at 77.

The Court declines to consolidate the Plaintiff's § 1983 actions. In Case No. 5:24-cv-41-RJC, the Complaint passed initial review on a claim that Captain Wyatt and Lieutenants Anderson and Call failed to protect the Plaintiff from a violent attack by other inmates, whereas the instant case addresses an alleged use of excessive force and imposition of unconstitutional conditions of confinement by Captain Hamby and Officers Shumate and White on September 1, 2023. The actions do not share Defendants or common questions of fact, and the legal claims are distinct. That the two actions involve incidents that occurred within several months of each other at WCJ does not warrant consolidating the two actions. Indeed, doing so would not serve the interests of convenience or economy. Consolidating these actions would likely result in undue delay and would unnecessarily complicate these pro se proceedings. Accordingly, the "Motion to Joinder Issues" is denied.

Finally, the Defendants seek to take the incarcerated Plaintiff's deposition pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure. [Doc. 51]. The Defendants have informed the Plaintiff of their intent to depose him by letter, and they state that they will work with him to find a mutually convenient time to conduct the deposition. [Id. at 2]. The Defendants' Motion will be granted and defense counsel may depose Plaintiff at a date to be selected by the prison administrator and defense counsel. The deposition may proceed in-person in a room to be designated by the administrator of the institution, or via a remote platform such as Zoom or Webex, subject to the agreement of the prison administrator and defense counsel. It is further ordered that a guard shall be present during the deposition should it proceed in-person.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motion to Amend. [Doc. 37] is **DENIED** and the proposed Second Amended Complaint [Doc. 39] is **STRICKEN**.

2. The Plaintiff's pro se Motions to Subpoena [Docs. 45, 46, 48] are **DENIED.**

3. The Plaintiff's "Motion for Independent of Property/ Area Under Possession/ Control of Defendants – i.e. Property of Wilkes Co Jail" [Doc. 47] is **DENIED**.

4. The Plaintiff's "Motion to Joinder Issues" [Doc. 49] is **DENIED**.

5. The Plaintiff's Motion for Leave to Serve a Supplemental Pleading [Doc. 50] is **DENIED**.

6. The Defendants' Motion for Leave to Depose Plaintiff [Doc. 51] is **GRANTED.**

**IT IS SO ORDERED**.

Signed: July 9, 2024

Graham C. Mullen
United States District Judge