UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-118-GCM

| ELIJAH E. PACHECO, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FNU WHITLEY, et al., | )   ORDER |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion for Leave to Amend Complaint – In the Interest of Justice" [Doc. 53], "Motion for Leave to Serve Additional Supplemental Pleading" [Doc. 54], Motions to Subpoena [Docs. 55, 56], "Notice of Witness's Imprisonment – Request for Supplemental 'Witness Statements' as Deposition" [Doc. 57], and Motion to Compel Discovery [Doc. 58].

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred while he was a pretrial detainee at the Wilkes County Jail (WCJ).[1] [Doc. 1]. The Amended Complaint passed initial review on claims against Defendants Roger Hamby, Jacob Shumate, and Cody White for claims addressing the conditions of his confinement and the use of excessive force, and the remaining claims were dismissed without prejudice. [Docs. 13, 18].

The Plaintiff has filed Motions, on multiple occasions, seeking to: subpoena witnesses, obtain discovery from nonparties, conduct discovery by written deposition, and amend/

---

[1] The Plaintiff's address of record is at the North Carolina Central Prison.

supplement the allegations on a piecemeal basis. The Court denied several such Motions in an Order entered on July 10, 2024. [Doc. 52]. The Plaintiff's present Motions seeking similar relief are dated July 10-13, 2024 and they appear to have crossed in the mail with the Court's Order. [See, e.g., Docs. 53, 54, 55, 56, 57]. These Motions will be denied for the same reasons discussed by the Court in its July 10 Order; no further discussion is warranted.

The Plaintiff also fails to certify in any of his Motions, including the Motion to Compel Discovery, that he attempted in good faith to resolve the discovery dispute before engaging the Court's assistance. [Docs. 53-58]. The Plaintiff is cautioned that any future motion that fails to comply with this requirement, or that is otherwise deficient or abusive, may be summarily denied. See Fed. R. Civ. P. 37(a)(1); LCvR 7.1(b) (a non-dispositive civil motion "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with opposing counsel;" motions that fail to do so "may be summarily denied."). The Plaintiff is also reminded that routine discovery requests should not be filed with the Court. [See, e.g., Doc. 3 (Order of Instructions)].

**Plaintiff is strongly cautioned to review the Order of Instructions, the Local Rules of this Court, and the Federal Rules of Civil Procedure before filing any further documents with this Court. Any future improper filings will be summarily stricken and may result in the imposition of sanctions including a prefiling injunction that would limit Plaintiff's ability to file further lawsuits in this Court.**

**IT IS, THEREFORE, ORDERED** that Plaintiff's pending Motions [Docs. 53-58] are **DENIED**.

**IT IS SO ORDERED.**

Signed: July 18, 2024

Graham C. Mullen
United States District Judge