# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:23-cv-118-GCM

| | |
|---|---|
| ELIJAH E. PACHECO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **PROTECTIVE ORDER** |
| ) | |
| ROBERT HAMBY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendants Robert Hamby, Jacob Shumate, and Cody White's filing of a Motion for Entry of Protective Order [Doc. 61].

The Defendants request the Court to enter a protective order governing the production of confidential information pursuant to .C. Gen. Stat. §§ 153A-98(c), 132-1.4, 132-1.4A, or 132-1.7. The Defendants relate that "[t]he Plaintiff has requested, and the Defendants will produce, records relating to the incidents with Plaintiff," some of which is protected under North Carolina law. [Doc. 62 at 1].

On review of the Defendants' Motion, the Court finds that such information may be deemed confidential under the law. Due to the confidential nature of the information that will be produced in this matter, a protective order is necessary to authorize the release of such confidential information and to ensure that such confidential information is not disclosed or used for any purpose except in connection with this litigation. The Court will, therefore, grant Defendants' request for a protective order.

The Motion for Entry of a Protective Order [Doc. 61] is hereby **GRANTED,** and the Court enters the following order:

**IT IS HEREBY ORDERED THAT**:

1. Any document disclosed by Defendants that comes from their personnel file or from the internal Wilkes County Jail files or information in the form of documents, photographs, video, or audio production that documents plans, patterns, practices, procedures, drawings, arrangements or other information associated with prison or jail operations shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL, PROTECTIVE ORDER," or a comparable notice;

2. The initial production of any such documents for the benefit of Plaintiff shall be made only to Plaintiff, Elijah E. Pacheco.

3. In the absence of further order of this Court, Confidential Information obtained in accordance with the provisions of paragraph 2 shall not be disclosed to any person other than: (i) the Court and the employees thereof, (ii) court reporters and stenographers engaged for the taking of testimony, (iii) the Defendant(s) whose records are produced, (iv) all counsel, including necessary secretarial, paralegal and clerical personnel assisting such counsel, (v) experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party. Any confidential personnel information shall be used solely for the purpose of this original action and in preparation for trial.

4. Confidential information obtained in accordance with the provisions of paragraph 1 above shall not be made available to any person designated in paragraph 3(v) unless he or she shall have first read this Order and shall have agreed, by letter

submitted to counsel for the Defendants named in this Order: (i) to be bound by the terms thereof, (ii) not to reveal such confidential personnel information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential personnel information solely for purposes of this litigation.

5. If the Court orders, or if counsel for the Defendants named in this Order agrees, that access to, or dissemination of, information obtained as confidential information shall be made to persons not included in paragraph 3 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it.

6. If confidential information obtained in accordance with paragraph 1 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to the attention of the Court and opposing counsel, and without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

7. Upon final adjudication of this action, all confidential information subject to the provisions of this Order (including any copies made and/or computer materials made or stored) shall be disposed of in the manner provided by a separate final Order to issue from this Court.

**IT IS SO ORDERED.**

Signed: September 12, 2024

Graham C. Mullen
United States District Judge